28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph MARTINEZ and Mary Martinez, Plaintiffs-Appellants,
v.
ASARCO INC., Defendant-Appellee.
 No. 93-15080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.[1]
Decided July 13, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and WILSON, District Judge.[2]
 
 MEMORANDUM[3]
 
 2
 Plaintiffs Ralph and Mary Martinez brought this personal injury action alleging that Defendant ASARCO, Inc. was negligent in connection with maintenance work done at an ASARCO smelter in Hayden, Arizona. The trial was bifurcated on liability and damages. ASARCO was found liable, and the Martinezes were awarded damages.
 
 
 3
 ASARCO contends that a new liability trial is justified because the trial court impermissibly allowed plaintiffs to use a negligence per se theory to establish ASARCO's "duty" to maintain a safe workplace. We agree.
 
 
 4
 Because we reverse on this issue, we need not reach ASARCO's other assertions of error.
 
 
 5
 On or about May 17, 1991, a proposed joint Pretrial Order was filed by the parties. On June 6, 1991, the district court approved the Pretrial Order without modification.
 
 
 6
 The pretrial order did not contain any reference to a negligence per se theory of liability or any reference to allegations of violations of OSHA regulations. The pretrial order did refer to various safety equipment (e.g., protective eyewear and respirators) which happen to be embodied in the OSHA regulations that plaintiffs ultimately relied upon at trial. This portion of the Pretrial Order was never amended. Plaintiffs did not proffer the negligence per se theory until the eve of trial.
 
 
 7
 On April 29, 1992, the liability phase jury was instructed. The jury was instructed that the Martinezes were required to prove that ASARCO was negligent. The jury was instructed on a negligence per se theory, i.e., that ASARCO was negligent if it had violated any of the applicable OSHA regulations. The jury was also instructed that, in determining whether ASARCO had a duty to warn of a dangerous condition on the premises, the jury could consider as evidence the OSHA regulations establishing workplace safety requirements for eye, face and respiratory protection. Defendant objected to these instructions because the negligence per se theory was not mentioned in the Pretrial Order.
 
 
 8
 A district court's decision to enforce a pretrial order's limits on theories of liability is reviewed for abuse of discretion. Acorn v. Phoenix, 798 F.2d 1260, 1272 (9th Cir.1986). However, a district court's factual finding regarding whether a legal theory was or was not implicitly included in the pretrial order is reviewed for clear error. Id.
 
 
 9
 Although the transcript reflects that the district court seriously considered the question of whether to allow any negligence per se instruction, the district court abused its discretion in permitting plaintiffs to rely upon the negligence per se theory of liability. This theory of liability was not included in the Pretrial Order. To the extent that the district court may have found that the theory was implicitly included in the pretrial order, such a finding was clearly erroneous. Plaintiffs waived any right to rely upon a negligence per se theory when they did not seek to make it part of the Pretrial Order. Defendant's ability to prepare a proper defense was prejudiced by plaintiffs' use of this unexpected theory.
 
 
 10
 REVERSED, REMANDED for new trial.
 
 
 
 [1]
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 [2]
 The Honorable Stephen V. Wilson, United States District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3